IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL NO. 172 WELFARE FUND; PLUMBERS & PIPEFITTERS LOCAL NO. 172 PENSION FUND; PLUMBERS & PIPEFITTERS LOCAL NO. 172 APPRENTICESHIP and JOURNEYMAN TRAINING FUND; PLUMBERS & PIPEFITTERS LOCAL NO. 172 EQUALITY and STABILIZATION FUND; PLUMBERS & PIPEFITTERS LOCAL NO. 172 VOLUNTARY 401(K) FUND; LABOR MANAGEMENT PROMOTIONAL FUND; THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY of the UNITED STATES AND CANADA LOCAL UNION NO. 172 OF SOUTH BEND INDIANA; and the INDUSTRY ADVANCEMENT FUND,<br><br>    Plaintiffs,<br><br> vs.<br><br>BMG MECHANICAL CORP., an Indiana Corporation, and BRITTANY GAYHEART, an individual,<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.: 2:19-cv-164<br><br>JUDGE:<br><br>MAGISTRATE: |

**COMPLAINT**

Now come Plaintiffs, the PLUMBERS & PIPEFITTERS LOCAL NO. 172 WELFARE FUND, *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, BMG MECHANICAL CORP. and BRITTANY GAYHEART, and allege as follows:

**JURISDICTION AND VENUE**

1. Count I arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. §§ 1132, 1145 and 185). Count II arises under Section 502(a)(2)

1

of ERISA. (29 U.S.C. § 1132(a)(2)). The Court has jurisdiction over the subject matter of Count I and Count II pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS & PIPEFITTERS LOCAL NO. 172 WELFARE FUND, the PLUMBERS & PIPEFITTERS LOCAL NO. 172 PENSION FUND, the PLUMBERS & PIPEFITTERS LOCAL NO. 172 APPRENTICESHIP and JOURNEYMAN TRAINING FUND, and the PLUMBERS & PIPEFITTERS LOCAL NO. 172 VOLUNTARY 401(k) PLAN (hereinafter referred to as the "TRUST FUNDS"), are administered at 2111 West Lincoln Highway, Merrillville, Indiana 46410, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Indiana.

**PARTIES**

3. The TRUST FUNDS receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY of the UNITED STATES AND CANADA LOCAL UNION NO. 172 OF SOUTH BEND INDIANA (hereinafter referred to as the "UNION"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The LABOR MANAGEMENT PROMOTIONAL FUND (hereinafter referred to as "PROMOTIONAL FUND") is a labor management cooperation committee that is administered in South Bend, Indiana.

5. The INDUSTRY ADVANCEMENT FUND (hereinafter referred to as the "INDUSTRY FUND") is an industry improvement fund administered in South Bend, Indiana.

6. Defendant BMG MECHANICAL CORP. ("BMG MECHANICAL") is an Indiana Corporation with its principal place of business located in Avilla, Indiana.

7. Defendant BRITTANY GAYHEART ("GAYHEART") is the President and sole shareholder of BMG MECHANICAL.

8. The UNION is the bargaining representative of BMG MECHANICAL's bargaining unit employees.

**COUNT I**
**BREACH OF CONTRACT – BMG MECHANICAL**

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set-forth herein.

10. Defendant BMG MECHANICAL entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the St. Joseph Valley Association of the Plumbing-Heating-Cooling Contractors, Inc. for all times relevant to this action. (A copy of the Subscription Agreement is attached hereto as **Exhibit 1**; a copy of the Collective Bargaining Agreement is attached as **Exhibit 2**).

11. Through the agreements referred to in Paragraph 10, Defendant BMG MECHANICAL also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as "Trust Agreements").

12. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, Defendant BMG MECHANICAL is required to make monthly reports of hours worked by bargaining unit employees (hereinafter referred to as "monthly contribution reports") and pay contributions to the TRUST FUNDS, INDUSTRY FUND and the PROMOTIONAL FUND for each hour paid at the rate specified in the Collective Bargaining Agreement and

the Trust Agreements. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

13. Pursuant to the Collective Bargaining Agreement and the written election of each employee/participant, BMG MECHANICAL is required to deduct its employees' pre-tax wages in an amount elected by each employee as an employee contribution (a "401(k) Elective Deferral") to the PLUMBERS & PIPEFITTERS LOCAL NO. 172 VOLUNTARY 401(K) FUND ("401(k) FUND"). The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS, INDUSTRY FUND and PROMOTIONAL FUND on a timely basis are responsible for the payment of interest at the rate of twelve-percent (12%) per annum, plus any reasonable attorney's fees and costs of maintaining suit. (**Exhibit 2**).

15. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS, INDUSTRY FUND and PROMOTIONAL FUND on a timely basis are responsible for the payment of liquidated damages in the amount of ten-percent (10%) of the delinquent amount for each month or fraction thereof that the delinquent amount remains unpaid. (**Exhibit 2**).

16. Pursuant to the Collective Bargaining Agreement and properly executed dues check-off

cards, BMG MECHANICAL is required to deduct UNION dues from its employee's paychecks and remit payment of those dues to the UNION.  (**Exhibit 2**).

17. BMG MECHANICAL failed to submit payment for contributions, union dues, and 401(k) Elective Deferrals for the months of December 2018, January 2019, February 2019, and March 2019 to the Plaintiffs in the aggregate amount of $63,941.48.

18. As a result of BMG MECHANICAL's failure to submit payment for contributions, union dues for the months of December 2018, January 2019, February 2019, and March 2019 to the Plaintiffs, BMG MECHANICAL owes liquidated damages in the aggregate amount of $6,394.15 and interest (through the date of filing) in the aggregate amount of $1,763.12.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from BMG MECHANICAL.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. BMG MECHANICAL is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant BMG MECHANICAL in the aggregate amount of $63,941.48 for the unpaid contributions, union dues, and 401(k) Elective Deferrals owed for the months of December 2018, January 2019, February 2019, and March 2019;

B. That Judgment be entered in favor of Plaintiffs and against Defendant BMG MECHANICAL in the aggregate amount of $6,394.15 for liquidated damages and interest

at a rate of twelve-percent (12%) per annum from the due date through the date of a Judgment;

C. That Judgment be entered in favor of Plaintiffs and against Defendant BMG MECHANICAL for all unpaid contributions, union dues, 401(k) Elective Deferrals, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs A through B above;

D. That Defendant BMG MECHANICAL be ordered to pay reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF FIDUCIARY DUTY – BRITTANY GAYHEART

22. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set-forth herein.

23. Pursuant to the Collective Bargaining Agreement and the written election of each employee/participant, BMG MECHANICAL is required to deduct 401(k) Elective Deferrals from its employees' wages and pay those contributions to the 401(k) FUND. (**Exhibit 2**).

24. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general

assets." (29 C.F.R. § 2510.3-102(a)(1)).

25. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets . . ." 29 U.S.C. § 1002(21)(A)).

26. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

27. GAYHEART, in her capacity as President and sole shareholder of BMG MECHANICAL, withheld 401(k) Elective Deferrals from her bargaining unit employees' paychecks for the months of December 2018, January 2019, February 2019, and March 2019 in the aggregate amount of $4,085.15.

28. The withheld 401(k) Elective Deferrals became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

29. Consequently, GAYHEART became a plan fiduciary when she failed to remit timely payment of the 401(k) Elective Deferrals, as she exercised discretionary authority and control over plan assets.

30. As a result of her failure to remit timely payment of the 401(k) Elective Deferrals, GAYHEART breached her fiduciary duty to the 401(k) FUND, as she failed to act for the exclusive purpose of providing benefits to the participants when she failed to remit timely

      payment of the 401(k) Elective Deferrals.

31.    GAYHEART also failed to act with the requisite care, skill, prudence and diligence imposed upon her by ERISA when she failed to remit timely payment of the 401(k) Elective Deferrals to the 401(k) FUND.

32.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from GAYHEART.

33.    Plaintiffs have complied with all conditions precedent in bringing this suit.

34.    GAYHEART is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs pray:

A.    That Judgment be entered in favor of the 401(k) FUND and against Defendant GAYHEART in the aggregate amount of $4,085.15 for the unpaid 401(k) Elective Deferrals for the months of December 2018, January 2019, February 2019, and March 2019;

B.    That Judgment be entered in favor of the 401(k) FUND and against Defendant GAYHEART for liquidated damages equal to $408.52 and interest at a rate of twelve-percent (12%) per annum from the due date through the date of a Judgment;

C.    That Judgment be entered in favor of Plaintiffs and against Defendant GAYHEART for all unpaid 401(k) Elective Deferrals, along with the resulting liquidated damages and interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant GAYHEART be ordered to pay reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

E. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

**PLUMBERS & PIPEFITTERS LOCAL NO. 172 WELFARE FUND,** *et al.*

By: /s/ Jeffrey A. Krol - 6300262
One of Plaintiffs' Attorneys

JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com